Thomson, P. J.
The Gates Iron Works brought this suit against The Bullion Milling Company to recover a balance which it claimed to be due it from the latter company. The complaint alleged the sale and delivery 'at different times by the plaintiff to the defendant of goods, wares, merchandise and machinery to the amount of $2,200, and a payment by the defendant of $1,000 on the account.
The answer denied the alleged sale and delivery to the defendant, and admitted the payment by it to the plaintiff of $1,000, but averred that such payment was not made on account of any indebtedness alleged in the complaint.
In response to a notice by the defendant, the plaintiff furnished to it a bill of particulars of its claim, which showed a sale to a corporation called The San Miguel Mining and Development Company, of goods to the amount of $2,070.19, and a sale to the defendant of goods amounting to $116.65. The only evidence for the plaintiff was the deposition of Henry W. Hoyt, its secretary. The deposition contains the following interrogatory and answer:
“Did The Gates Iron Works, in the month of March, 1897, have any business transaction with The Bullion Milling Company? If so, state who transacted the business on behalf of The Gates Iron *474 Works, and state what business it was — state fully.”
Answer. “Yes. The business was transacted throughout by correspondence between the Denver sales office of Gates Iron Works, then in charge of Mr. B. .L. Berkey, and the main office in Chicago under my direction. The business started in an order for a certain lot of mining machinery, which order was filled and shipped to The San Miguel Mining & Development Company, afterwards called the ‘Bullion Milling Company.’ ”
The latter portion, of the above answer was the only evidence which undertook to identify the San Miguel company with the Bullion company. The defendant proved that The San Miguel Mining and Development Company and The Bullion Milling Company were distinct and independent organiza-' tions, the articles of incorporation of neither of which had ever been changed; that the Bullion company never succeeded to or had any of the . business or property of the San Miguel company; that the latter corporation was never called The Bullion Milling Company; and that there had been a transaction between the plaintiff and defendant, but that it had no connection with the subject-matter of this suit. The court rendered judgment in the plaintiff’s favor for $1,330.23.
We confess our inability to understand this judgment. Except as to a very small amount, the indebtedness which was proven was contracted by The San Miguel Mining & Development. Company, and not by the defendant. The judgment has nothing to r.est upon except an expression thrust By the witness Hoyt, into his answer to an interrogatory and which, presumably, he intended as a statement that after the goods were sold The San Miguel Mining & Development Company was called The Bullion Milling Company. But such a statement could amount to nothing *475 as evidence. The language is altogether insufficient to warrant the fastening of a liability upon the Bullion company for an indebtedness contracted by the San Miguel company. If the witness had heard one man call the latter corporation by the name of the former the expression would have been true. It nowhere appears to have had any stronger support; and without explanation of some kind it would authorize no inference that the two corporations were one. A corporation may change its name only in the manner provided by statute. No attempt was made to show any legal change of name, and the random expression of the witness counted for nothing.
But the defendant proved that the two corporations were separate entities; that the charters of each remained unchanged, and that there was no business or property connection between them; and it would require evidence of a very different character from the witness’s statement to raise a question upon that proof.
Possibly the court might have been justified in giving the plaintiff a judgment for $116.65, but anything more was unwarranted.
The judgment must be' reversed.

Reversed.